**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-08113-001-PCT-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Jason Dale Begaye, | |
| Defendant. | |

Before the Court is Defendant's Emergency Motion to Reopen Detention Hearing and for Release Pending Trial. (Doc. 41.) After review of the motion and the government's response, the Court determines that a reply is not necessary and, for the reasons set forth herein, the motion will be denied.

Magistrate Judge Michelle H. Burns held a detention hearing on July 16, 2019 and, after applying the relevant facts to the factors set forth in § 3142(g), found by a preponderance of the evidence that Defendant is a risk of nonappearance, and by clear and convincing evidence that he is a danger to the community and that there is no condition or combination of conditions that will reasonably assure his appearance and the safety of any other person and the community. (Docs. 10, 11.) Therefore, the Court ordered Defendant detained pending trial.

Defendant requests a new detention hearing because of the "changed circumstance" of the risk to his personal safety posed by the novel coronavirus. Defendant explains that

he is concerned that he is at high risk for contracting the novel coronavirus, because two staff members and five inmates have tested positive for COVID-19 at his facility, even though CoreCivic has made assurance that is doing everything possible to avoid widespread exposure among inmates. (Doc. 41 at 3-4, 7.) Defendant underscores that he is at greater risk of a serious illness or death if he contracts the virus than expected for person his age (36) because he has a history of asthma, high blood pressure, and diabetes. (*Id.* at 4.) Defendant makes no argument that his incentive to comply with conditions, if released, has been strengthened by the current public health crisis.

The Court may reopen detention proceedings if there is new information "not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." § 3142(f)(2). The Bail Reform Act requires an individualized assessment of the § 3142(g)(3)(A) factors, which include a defendant's "physical and mental health." The dramatic increase in the number of coronavirus infections and deaths in the United States and the potential risk to Defendant's health should he contract it[1] is new information not known at the time of the last hearing. Defendant's safety during this unusual time of a pandemic is an important consideration in the detention determination.

Defendant alleges that he has an increased risk from the coronavirus but he has not alleged that he is currently ill or that his health status has changed since being detained. There is no allegation that CoreCivic has failed to meet his medical needs or that Defendant has any particularized medical needs that cannot be met while in custody. Further, the Government represents that CoreCivic has taken measures to reduce the risk of inmate exposure to the coronavirus including:

> (1) New inmates are being screened by having a full set of vital signs taken, which includes checking temperatures, assessing possible symptoms (flu-like symptoms, coughing) and "chronic care" needs, along with completing an in-depth health

---

[1] For present purposes, the Court accepts as true Defendant's assertion that, because of his underling health conditions, his health is at greater risk from contracting the coronavirus than a typical 36-year-old male.

inquiry. Based on this intake screening, new inmates will be quarantined, if necessary. New inmates are housed together and isolated from the general population for 14 days as a precautionary measure.

(2) Nurses are screening inmates in the cellblocks in Phoenix and Tucson: testing temperatures, checking whether an inmate had an upper respiratory infection within the last 14 days and inquiring about known exposures. If they determine someone poses a risk, that inmate will be masked and possibly quarantined.

(3) Based on guidance from the Centers for Disease Control and Prevention ("CDC"), CoreCivic has identified a "high risk" watch list of inmates. The facility will be keeping a close eye on these inmates. Some of these "high risk" inmates may already be in the infirmary. An inmate will not be moved just because s/he is identified as "high risk." For example, just because an inmate is HIV positive, s/he may not be included on the list or isolated. Instead, the decision is based on the individual inmate's current health situation.

(4) CoreCivic has increased sanitization measures to be more comprehensive and more frequent in accordance with CDC guidelines.

(5) All inmates are being instructed on CDC guidelines to prevent transmission of COVID-19, including the importance of frequent hand washing, covering coughs, not touching the face, etc. All inmates were provided with masks on April 13, 2020.

(6) Inmates are being tested before they leave a facility to go to court, and if they register a temperature greater than 100.4 F, they are not transported to court.

(7) Employees are screened at the beginning of each shift and are not permitted to work if they have a fever. All employees were provided with masks on April 13, 2020, and they are required to wear them.

(8) CoreCivic is following CDC recommendations. They are coordinating with local health and fire departments and have contingency plans in place with local hospitals.

(Doc. 48 at 6-7.) Although COVID-19 cases have sprung up despite CoreCivic's preventative measures, Defendant's proposed relocation site, which lacks running water and adequate electricity, and is located on the Navajo reservation—which has an extremely high number of COVID-19 patients per capita, including Defendant's father—may also pose a significant danger to Defendant's health.

However, the Court recognizes that, due to the inability to self-isolate or enforce social distancing measures possible elsewhere, continued detention poses a greater risk of infection to Defendant than relocation to the Navajo nation. The Court must weigh this risk against the risk that his release would diminish the likelihood that he will appear as required and threaten safety of any other person and the community. The measures adopted by CoreCivic are reasonable under the circumstances and, even though they have not eliminated the risks of COVID-19 transmission, if followed they should substantially mitigate those risks. *See* Order Denying Defendant's Motion for Release from Custody Pending Disposition or Immediate Disposition, *United States v. Caddo*, D. Ariz. No. CR-18-08341-002-PCT-JJT, Doc. 174 at 5-6 (denying motion for release pending supervised release disposition due to COVID-19 and finding "CoreCivic's, BOP's and the Marshal's procedures have not been shown to be unreasonable under the circumstances.").

Considering that the risks of transmission of COVID-19 in the detention facility have been reasonably mitigated and Defendant has not shown that CoreCivic is unable to provide necessary medical services, the Court finds that the risk to Defendant is outweighed by the fact that the nature and seriousness of the danger to any person or the community posed by Defendant's release remains unchanged. The Court finds that the new information does not have a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of Defendant and the safety of any other person and the community. Also, the Court has already determined by clear and convincing evidence that Defendant is a danger to the community. Nothing argued in Defendant's motion undermines that determination.

The Bail Reform Act allows the Court to permit a temporary release if it determines that temporary release is necessary for a "compelling reason." § 3142(i). Defendant argues that his asthma, high blood pressure and diabetes while facing the spread of the coronavirus within his detention facility provide a compelling reason for his temporary release. The Court disagrees. *See United States v. Martin*, 2020 WL 1274857, at *3 (D. Md. Mar. 17, 2020) (denying appeal of detention order by inmate with asthma, high blood pressure, and

diabetes and explaining that "as concerning as the COVID-19 pandemic is," the Court's consideration "must in the first instance be an individualized assessment of the factors identified by the Bail Reform Act.")

**IT IS ORDERED** that Defendant's Motion to Reopen Detention Hearing and for Release Pending Trial (Doc. 41) is **DENIED**.

Dated this 13th day of May, 2020.

Douglas L. Rayes
United States District Judge